UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE MACIAS, | ) | CASE NO. CV 12-04821 GW (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER TO SHOW CAUSE RE UNTIMELINESS |
| M.D. BITER, Warden, | ) | |
| Respondent. | ) | |

      The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that the action may be time-barred.

      In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

    The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

    Petitioner indicates that he signed the current petition on April 22, 2012. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

  (a) On October 27, 2009, in Los Angeles County Superior Court, Petitioner pleaded no contest to several charges, including robbery and enhancements for weapon use. He was sentenced to 25 years in prison. *See* Pet. ¶ 2.

  (b) Petitioner did not appeal. (His form petition indicates that he did appeal. Pet. ¶ 3. Not so. The Court takes judicial notice that Petitioner's subsequent state-court filings actually were petitions for habeas relief, not appeals, as discussed below in paragraphs d and e.) His conviction became final after Monday, December 28, 2009, after his 60-day deadline for seeking a certificate of probable cause, and noticing an appeal, expired. *See* CAL. R. CT., Rules 8.304(b) (need for certificate) & 8.308 (60 day deadline). His one-year AEDPA limitations period began running at that time.

  (c) Over a year passed. The limitations period expired after Tuesday, December 28, 2010.

  (d) Two months after that expiration, on February 25, 2011, Petitioner filed a habeas petition in the California Court of Appeal, which denied relief on February 28, 2011. *See* docket in *In re Macias*, No. B231167 (Cal. Ct. App. 2d Dist. 2011).

  (e) Over seven more months passed. On October 3, 2011, Petitioner filed another state habeas action, this time in the California Supreme Court. That court denied relief on February 15, 2012. In doing so, the court cited cases indicating the court's view that its decision rested at least in part on

1 | Petitioner's failure to allege supporting facts with adequate particularity. *See*
2 | docket in *In re Macias*, No. S196973 (Cal. Supreme Ct. 2012).
3 | (f) Two and a half more months passed before Petitioner purportedly signed the
4 | current federal habeas petition on April 22, 2012. (The petition bears a
5 | mailing date of over one month thereafter, namely May 25. The Court
6 | received it on May 31.)
7 | * * * * *
8 | Unless this Court has miscalculated the limitations period, or some form of
9 | additional tolling applies in sufficient measure, this action is time-barred. It became stale
10 | late in December of 2010, one year after his conviction became final in late December of
11 | 2009. Petitioner's commencement of state habeas proceedings thereafter cannot rejuvenate
12 | his stale claims. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000). His additional
13 | delays, (1) in between the two state-court petitions, and (2) between the California Supreme
14 | Court petition and the current one, also do not aid him.
15 | This Court may raise *sua sponte* the question of the statute of limitations bar,
16 | so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260
17 | F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this
18 | action should not be dismissed as being barred by the one-year statute of limitations.
19 | Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days
20 | from the filing date of this Order.
21 | If Petitioner does not file a response within the time allowed, the action may
22 | be dismissed for failure to timely file, and for failure to prosecute.
23 | IT IS SO ORDERED.
24 |
25 | DATED: June 14, 2012
26 |
27 | _____
   | RALPH ZAREFSKY
   | UNITED STATES MAGISTRATE JUDGE
28 |

-3-